# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| Sylvester Brinson, | ) | |
| --- | --- | --- |
| *Plaintiff*, | ) | |
| v. | ) | Case No: 12 C 50080 |
| Wexford Health Sources, Inc., et al., | ) | |
| *Defendants*. | ) | Judge Frederick J. Kapala |

## ORDER

Defendant's motion to dismiss [65] is granted. This case is closed.

## STATEMENT

Plaintiff, Sylvester Brinson, has brought a second suit against defendant, Wexford Health Sources as special administrator for Dr. Fernando—a deceased doctor formerly in its employ—alleging that Fernando's prescription of Risperdal to combat Brinson's mental health issues while Brinson was incarcerated caused him to develop Type II Diabetes. Brinson has brought this suit pursuant to 42 U.S.C. § 1983 based on deliberate indifference. Brinson brought identical claims in a previous case, which was dismissed for failure to exhaust his administrative remedies. See Brinson v. Mesrobian, No. 08 C 50070 (the "2008 case"). Pending before the court is Wexford's motion to dismiss, arguing that (1) the complaint in the instant case (the "2012 case") is time barred and, in the alternative, (2) Wexford has not been appointed to serve as administrator of Dr. Fernando's estate, so that the suit is brought against the wrong party. For the reasons which follow, the motion is granted and the complaint is dismissed.

### I. BACKGROUND

On April 22, 2008, Brinson filed his complaint in the 2008 case, raising the same deliberate indifference claims he now raises. In relevant part, Brinson claimed that Dr. Fernando and others prescribed Risperdal, a medication for his mental health problems, which caused Brinson to develop Type II Diabetes, and that doing so was deliberately indifferent to his serious medical needs. On August 12, 2009, this court dismissed that case, based on the grievance attached to Brinson's complaint which made it clear that he had failed to exhaust his administrative remedies. See Brinson v. Mesrobian, No. 08 C 50070, slip op. at 2 (N.D. Ill. Aug. 12, 2009). Brinson moved to reconsider, which this court denied on August 28, 2009.

Two-and-a-half years later, in March 2012, Brinson filed the instant 2012 case, which contains the same basic allegations. In the original complaint in the 2012 case, Brinson indicated that the only relief he sought was to "appeal [his] denial 8-28-09," which this court presumes means

the denial of the motion to reconsider in the 2008 case. On April 19, 2012, Brinson took two actions, he filed: (1) an amended complaint in the 2012 case wherein Brinson states that he was "making an appeal of the original case" and arguing that this court's previous dismissal for failure to exhaust was invalid and (2) a notice of appeal in the 2008 case. In May 2012, the Seventh Circuit transferred Brinson's request to proceed in forma pauperis in the 2008 case appeal to this court for a ruling, which the court denied finding that the appeal filed nearly three years after the denial of the motion to reconsider was not made in good faith. See Brinson v. Mesrobian, No. 08 C 50070, slip op. at 1 (N.D. Ill. May 10, 2012). The Seventh Circuit then issued an order directing Brinson to either pay the appellate filing fee or explain any contention he had as to why this court was wrong to deny the request to proceed in forma pauperis. See Brinson v. Mesrobian, No. 12-1945, slip op. 1 (7th Cir. June 28, 2012). Brinson did neither, and the appeal was dismissed. Id.

Meanwhile, this court recruited counsel to assist Brinson in the 2012 case. Recruited counsel filed a second amended complaint, which is currently operative. Wexford, the only remaining defendant and sued only as a special administrator to Fernando's estate,[1] has moved to dismiss the complaint arguing that it is untimely and that Wexford cannot be sued as the special administrator of Fernando's estate. Because the court finds the first issue dispositive, it will not address the second.

## II. DISCUSSION

When deciding a defendant's motion to dismiss, a court accepts all of the well-pleaded allegations of the complaint as true and draws all reasonable inferences in favor of the plaintiff. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Killingsworth v. HSBC Bank Nev., N.A., 507 F.3d 614, 618 (7th Cir. 2007). To state a claim under the Federal Rules, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[D]etailed factual allegations" are not required, but the plaintiff must allege facts that, when "accepted as true . . . state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quotation marks omitted). In analyzing whether a complaint has met this standard, the "reviewing court [must] draw on its judicial experience and common sense." Id. at 679.

Wexford argues that Brinson's claims are time barred by the statute of limitations. The Seventh Circuit has warned that it is "irregular to dismiss a claim as untimely under Rule 12(b)(6)." Hollander v. Brown, 457 F.3d 688, 691 n.1 (7th Cir. 2006) (quotation marks omitted). This is because a plaintiff is under no duty to anticipate affirmative defenses, like a statute of limitations defense, and thus may not have pled all of the facts necessary to establish one of the many exceptions to the defense. Id.; see also Richards v. Mitcheff, 696 F.3d 635, 637-38 (7th Cir. 2012). Nevertheless, where a plaintiff has included sufficient allegations to make the determination as to an affirmative defense in the complaint, then the plaintiff has "pleaded himself out of court" and the court may dismiss the claim. Richards, 696 F.3d at 637.

---

[1]Other defendants have been dismissed in previous orders of this court. Additionally, in the second amended complaint's caption, the Illinois Department of Corrections ("IDOC") is included as a defendant, but IDOC is not mentioned in any of the substantive allegations. Accordingly, since no allegations have been set out against IDOC, the court dismisses IDOC.

2

In the 2012 case, Wexford and Fernando were first set out as defendants in the first amended complaint filed June 6, 2012. According to Brinson's complaints, he was diagnosed with diabetes on April 10, 2006, and all parties agree that a two-year statute of limitations applies to deliberate indifference claims which arise in Illinois. Thus, on the face of the complaint (in fact, on the face of the original April 22, 2008 complaint in the 2008 case), it appears that the claim is time barred. Nevertheless, Brinson argues that his first amended complaint was timely because (1) assorted Illinois tolling provisions tolled the statute of limitations so that the April 22, 2008 complaint in the 2008 case was timely and (2) the first amended complaint in the 2012 case should relate back under Federal Rule of Civil Procedure 15 to the filing of the original complaint in the 2008 case.

Brinson first relies on 735 ILCS 5/13-208 to support his assertion that his claims are timely. Section 208 is an Illinois tolling provision which tolls the accrual date of any cause of action if the tortfeasor leaves the state prior to the tort's accrual until his return to Illinois. See 735 ILCS 5/13-208(a). If the tortfeasor is in the state at the date of accrual, but then leaves during the time the statute of limitations is running, then that time the tortfeasor is absent from the state is also tolled. Id. Fernando was, according to Brinson, out of state prior to April 10, 2006 and remained so until his death in 2011. Under § 13-208, the cause of action arguably did not accrue until his death at the earliest and thus the statute of limitations did not begin running until 2011. Therefore, he argues, the complaints in the 2008 case and 2012 case were timely. However, despite the fact that § 1983 suits typically borrow their statute of limitations and tolling provisions from state law, the Seventh Circuit has rejected the application of § 13-208 to suits filed in federal court pursuant to federal law.[2] See Lewellen v. Morley, 875 F.2d 118, 121-22 (7th Cir. 1989) ("Statutes such as § 13–208 address problems unique to state litigation. Federal courts, with a national presence, offer persons such as Lewellen the opportunity to litigate wherever the wrongdoers can be found. If Lewellen thought the long-arm statutes of Illinois too stingy even when combined with the other options given by Rule 4, he could have filed this suit elsewhere, an option Illinois cannot offer its citizens. No defendant resides 'out of state' for purposes of the federal judicial system; § 13–208 simply does not fit into the structure of federal litigation." (citation omitted)). Accordingly, since § 13-208 does not apply to this case, it does not save Brinson's untimely filings, either in 2008 or 2012.

Brinson next argues that 735 ILCS 5/13-209 provides him with the necessary tolling to make his claims timely. Section 209 is another Illinois tolling provision which tolls the running of the statute of limitations against an individual at the time of their death. See 735 ILCS 5/13-209. However, this tolling provision only applies to those who die prior to the expiration of the statute of limitations. See id. Here, Brinson alleges that Fernando died in 2011, long after April 10, 2008, the expiration of the time to file suit. Thus, § 13-209 does not help Brinson, either.

Thus, the only remaining question is whether the relation-back doctrine of Federal Rule of Civil Procedure 15 can help Brinson. Initially, even if relation-back were a possibility, the April 22, 2008 complaint in the 2008 case was itself untimely by twelve days, as the statute of limitations ran

---

[2]Counsel for plaintiff, who recognized that Lewellen potentially contradicted his argument after filing his response to the motion to dismiss, is commended for complying with his ethical responsibility of bringing Lewellen—of which the court was already aware—to the court's attention in a subsequent motion for leave to cite supplemental authority.

on April 10, 2008. Thus, even if the current complaint could relate back to the April 22, 2008 complaint in the 2008 case, it would nevertheless be untimely. Furthermore, Rule 15 permits relation-back when a plaintiff is filing an "amendment to a pleading." Here, the complaints in the 2012 case are not an amendment to the complaint in the 2008 case, they are new pleadings in a brand new case. Brinson has not brought to this court's attention a single case wherein a court has permitted Rule 15 relation-back to a pleading in a different case. It appears, however, that courts routinely reject attempts to use Rule 15 to relate a pleading back to a previously filed case. See Benge v. United States, 17 F.3d 1286, 1288 (10th Cir. 1994) ("[A] separately filed claim, as opposed to an amendment or supplementary pleading, does not relate back to a previously filed claim."); Hunsinger v. Leehi Int'l, No. 08-14315-CIV, 2010 WL 2573948, at *3 (S.D. Fla. June 24, 2010) (collecting cases and noting that "it is well established that a separately filed claim, as opposed to an amendment or supplementary pleading, does not relate back to a previously filed claim"); see also Lee v. Cook Cnty., Ill., 635 F.3d 969, 971-72 (7th Cir. 2011) (noting that a dismissal without prejudice removes the tolling in place from filing the first suit, such that a subsequent suit can be untimely, which would not be the case if Rule 15 functioned to permit relation-back across different suits); Elmore v. Henderson, 227 F.3d 1009, 1011 (7th Cir. 2000) (same and noting "[w]ere this not the rule, statutes of limitations would be easily nullified. The plaintiff could file a suit, dismiss it voluntarily the next day, and have forever to refile it."). Thus, Rule 15 relation-back is not available, and even if it were, it would not help Brinson. Consequently, it is clear from the face of the complaint that Brinson's claim is untimely and must be dismissed.

### III. CONCLUSION

The motion to dismiss is granted. This case is closed.

Date: 4/23/2014

ENTER:

_____

FREDERICK J. KAPALA

District Judge

4